# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

HAMMEL J. CLARK,

    Petitioner,

    v.

MS. TINA GERAGHTY,
MS. LAURETTE PECK,
WARDEN RICHARD J. GRAHAM and
COMMISSIONER OF CORRECTION,

    Respondents.

Civil Action No. TDC-15-2625

## MEMORANDUM OPINION

Petitioner Hammel J. Clark, a state inmate currently confined at the Western Correctional Institution ("WCI") in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence. For the reasons set forth below, the Petition will be DENIED WITHOUT PREJUDICE and DISMISSED as unexhausted.

## BACKGROUND

Clark alleges that the Maryland Department of Public Safety and Correctional Services ("DPSCS") has improperly calculated his sentence. He asserts that DPSCS officials have added an additional 14 years to his 50-year sentence by erroneously applying a consecutive sentence imposed by the Circuit Court for Baltimore County, Maryland. In support of his claim, Clark attached to the Petition two different printouts from a DPSCS offender case management system that contain conflicting calculations of his term of confinement. The first printout, dated June 8, 2015, shows Clark as having a total term of confinement of 50 years, 8 months, and 17 days,

with a then-current release date of August 22, 2031, and a maximum expiration date of January 10, 2042. In contrast, the second printout, dated July 28, 2015, shows a total term of confinement of 64 years, 4 months, and 13 days, with a then-current release date of January 9, 2043, and a maximum expiration date of September 6, 2055.

Clark filed administrative complaints about the discrepancy in his sentence calculation. In response, Clark was informed that his sentence initially had been miscalculated by DPSCS personnel. The sentence imposed in Case No. 03K07004551, a 20-year term of confinement imposed on November 5, 2008 that was to be consecutive to his "present sentence," Sentence Calculation Worksheet at 2, ECF No. 8-6, was initially designated as consecutive to the sentence imposed in Case No. 103121039, a 20-year term of imprisonment imposed on October 17, 2003. In fact, it should have been designated as consecutive to the sentence imposed in Case No. 106362006, a 30-year term of imprisonment imposed on February 12, 2008, as it was supposed to run consecutive to the expiration of the last of all of the sentences that Clark was serving at the time of imposition. This correction of the error, coupled with Clark's earlier sentences imposed in 1990, 1992, and 2003, resulted in a total term of confinement of 64 years, 4 months, and 13 days.

Nevertheless, Clark argues that the alleged miscalculation of his sentence violates his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. He asserts that it is unclear when his consecutive Baltimore County sentence should begin, that any ambiguities should be resolved in his favor, and that the failure to do so constitutes cruel and unusual punishment. He further contends that, because the alleged ambiguity was resolved in a manner that increased his sentence, he has been given additional punishment without due process of law.

2

After filing his Reply, Clark was permitted to amend his Petition to include a claim that he has not received all of the diminution of confinement credits to which he is entitled. Clark attaches documentation showing that he has earned in excess of five diminution of confinement credits monthly. Clark has also filed two motions that remain pending before the Court. In the first, a "Motion to Have the Court to do More to Find Plus Locate Defendants Dr. Blaik and Dr. Graves [and] Motion for Appointment of Counsel" ("Motion for Counsel"), he asks the Court to assist him in locating defendants in a different case and to appoint counsel to represent him in this case and other cases. In the second, a "Motion for Relief to Petitioner Freedom or and Prison Term" ("Motion for Relief"), he restates the arguments in his Petition and asks for this Court to correct his sentence.

## DISCUSSION

### I. Petition for Writ of Habeas Corpus

Respondents argue that the Petition should be dismissed on the grounds that (1) Clark has not alleged a violation of the United States Constitution or federal law; (2) Clark failed to exhaust his claims in Maryland courts; and (3) even if his claims were properly before this Court, his contention that his sentence has been improperly calculated is without merit.

#### A. Cognizability

To be entitled to federal habeas corpus relief under 28 U.S.C. § 2241, Clark must raise a federal constitutional claim regarding the calculation of his state prison sentence. *See* 28 U.S.C. § 2241(c)(3) (2012) (stating that § 2241 writ may issue when petitioner is "in custody in violation of the Constitution or laws . . . of the United States"). Disputes over the legality of a state sentence, which are calculated pursuant to state laws and procedures, present a federal question only if they involve a "fundamental defect which inherently results in a complete

3

miscarriage of justice" or "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Disputes over sentencing calculations rarely rise to this level as they usually involve disagreements over the interpretation of state statutes, and if a claim "rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain a claim that a jury instruction misstated South Carolina law); *see also McCray v. Rosenblatt*, No. 94-6097, 1994 WL 320212, at *1 (4th Cir. July 6, 1994) (per curiam) (unpublished) (denying a challenge to Maryland's recalculation of credits toward a state prison sentence because it alleged only "a violation of state, not federal, law").

It is therefore highly unlikely that Clark's Petition presents a federal question. However, Clark has framed his argument in terms of the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's guarantee of due process of law. Accordingly, out of an abundance of caution, the Court will address the Petition.

### B. Exhaustion of State Remedies

Even if construed as asserting a violation of federal rights, Clark's Petition must be dismissed because Clark has not first challenged the alleged miscalculation in the Maryland courts. Generally, a federal court may not consider a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state remedies, including presenting the claim to the highest state court. *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).

Specifically, under § 2241, courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" because a federal habeas petition "is the avenue of last resort." *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). Absent the exhaustion of state remedies, the Petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 520, 522 (1982).

A prisoner challenging the way his sentence has been calculated has two possible avenues to seek relief in the state courts. First, prisoners may challenge the calculation of their sentences or diminution credits through administrative proceedings by filing a grievance with the Inmate Grievance Office ("IGO"), which may be referred to an administrative law judge with the Office of Administrative Hearings ("OAH"). Md. Code Ann., Corr. Servs. § 10-207 (2002). The OAH determination is deemed to be the decision of the Secretary of Public Safety and Correctional Services ("the Secretary"), unless the OAH grants the prisoner's claim, in which case the Secretary may affirm, reverse, or modify the OAH proposed order. *Id.* § 10-209. The prisoner may appeal the Secretary's decision to the relevant Maryland Circuit Court, and, if necessary, file an application for leave to appeal the decision of the Circuit Court to the Court of Special Appeals of Maryland. *See Adamson v. Corr. Med. Servs., Inc.*, 753 A.2d 501, 509–10 (Md. 2000); Md. Code Ann., Corr. Servs. §§ 10-201 to 10-210. If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, the prisoner must also seek permission to appeal to the Court of Appeals of Maryland. *See Baker*, 220 F.3d at 288; Md. Code Ann., Cts. & Jud. Proc. § 12-201 to 12-202 (2011).

Alternatively, a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts through a petition for a writ of habeas corpus. *See Md. House of Corr. v. Fields*, 703 A.2d 167, 175 (Md. 1997), *abrogated on other*

5

*grounds by Moats v. Scott*, 751 A.2d 462 (Md. 2000); *see also* Md. Rule 15-302(a)(1). If unsuccessful, the prisoner may appeal the circuit court's decision to the Maryland Court of Special Appeals, and may thereafter seek certiorari in the Maryland Court of Appeals. *See, e.g.*, *Stouffer v. Pearson*, 887 A.2d 623, 625–26 (Md. 2005) (granting a writ of certiorari and considering a claim of whether a prisoner's sentence should be calculated so as to entitle him to immediate release); *Jones v. Filbert*, 843 A.2d 908, 910 (Md. Ct. Spec. App. 2004) (considering an appeal from a decision on a petition for a writ of habeas corpus relating to the failure to credit diminution of confinement credits); Md. Code Ann., Cts. & Jud. Proc. § 12-201.

Although Clark initiated administrative proceedings regarding the calculation of his sentence, he failed to appeal the denial of those complaints to the Maryland courts. He also failed to file a petition for a writ of habeas corpus in the Maryland Circuit Court. Because Clark may still find relief in the state courts, consideration of his claim by this Court is premature. Accordingly, the Petition will be denied without prejudice and dismissed as unexhausted.

### C. Sentencing Calculation

Even if Clark's arguments had been exhausted in state court, the Court notes that Clark would be unlikely to succeed on his claims. A review of the record, including the sentencing calculation printouts, sentencing hearing transcript, and other documents provided by Clark, supports the conclusion that Clark's consecutive sentence was properly added to the end of the concurrent sentences that he is now serving.

Based on one of the DPSCS printouts, Clark argues that his term of confinement should expire on January 10, 2042. That calculation, however, is premised on the 20-year sentence imposed by the Circuit Court for Baltimore County in November 2008 in Case No. 03K07004551 running consecutive to the 20-year sentence imposed in Case No. 103121039 in

October 2003. However, the November 2008 sentence was imposed to run "consecutive to any sentence outstanding unserved." Sentencing Tr. at 47, ECF No. 8-4. At that time, Clark was also serving a 30-year sentence in Case No. 106362006, imposed in February 2008, which was scheduled to expire in December 2036. With credit for 455 days granted by the sentencing judge, Clark's 20-year consecutive sentence would therefore start on September 6, 2035 and expire on September 9, 2055, as reflected on the second DPSCS printout. Thus, Clark does not appear to have identified any error in the calculation of his sentence.

Moreover, although Clark argues that Respondents have denied him diminution of confinement credits, he is mistaken in his understanding of Respondents' position on that matter. There are several types of diminution of confinement credits, including good conduct credits, industrial credits, educational credits, and special project credits. Md. Code Ann., Corr. Servs. §§ 3-704 to 3-707 (2002). Respondents stated that Clark earns only five good conduct credits monthly. This statement is correct as, under Maryland law, inmates serving sentences for certain crimes of violence are entitled to earn good conduct credits at the rate of five days each calendar month, while inmates not serving sentences for such crimes are entitled to earn 10 days of good conduct credits per month. Md. Code Ann., Corr. Servs. § 3-704(b). This restriction has not resulted in Clark earning only five diminution of confinement credits per month, as he has also been receiving the other types of diminution credits, such as educational credits and special project credits. Clark therefore has not presented a convincing claim that his sentence has been calculated incorrectly.

### D. Certificate of Appealability

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue if the prisoner has

made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Clark's claims are dismissed on procedural grounds, and this Court finds that Clark has not made the requisite showing to warrant a certificate of appealability. The Court therefore declines to issue a certificate of appealability. Clark may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## II. Additional Motions

Clark's Motion for Counsel and Motion for Relief will be denied. Where this Court has already denied appointment of counsel, *see* Order at 2, ECF No. 21, and the Court finds that Clark's claims must be dismissed because they have not been exhausted, there is no need for appointment of counsel in this case. Clark's request in the Motion for Counsel that the Court locate certain defendants pertains to a different case that Clark has pending before this Court. A similar motion was filed in that matter, which has been granted. *See* Order, *Clark v. Blaik*, No. TDC-16-2253 (D. Md. Jan. 18, 2018). Finally, Clark's Motion for Relief, ECF No. 25, is a restatement of his Petition. Because the Court will dismiss the Petition, his Motion for Relief will also be denied.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus shall be DENIED WITHOUT PREJUDICE and DISMISSED as unexhausted. The Motion for Counsel and the Motion for Relief will be DENIED. A separate Order shall issue.

Date: April 25, 2018

THEODORE D. CHUANG
United States District Judge